UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALLEY CHILDREN'S HOSPITAL,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>Defendants. | Case No.  1:21-cv-01567-KES-EPG<br><br>ORDER SETTING SETTLEMENT CONFERENCE AND PARAMETERS; SCHEDULING PRE-CONFERENCE TELEPHONIC DISCUSSION<br><br>**Settlement Statements due:  December 31, 2025**<br>**Pre-settlement Conference: January 7, 2026**<br>**10:00 am (Plaintiff) and 11:00 am (Defendant)**<br>**Settlement Conference:       January 14, 2026** |

Magistrate Judge Helena Barch-Kuchta will hold a settlement conference on **January 14, 2026 at 10:00 a.m.** via video teleconference unless all parties agree to an in-person conference. The Zoom settlement conference invitation will be distributed the week prior.[1]  The Court has reserved the entire day for this settlement conference and expects the parties will proceed with the settlement conference in good faith and attempt to resolve all or part of the case.  If any party

---

[1] Any difficulties concerning Zoom video conference, or connecting to the Zoom video conference, shall immediately be reported to Patricia Apodaca, Courtroom Deputy for the Hon. Helena Barch-Kuchta, United States Magistrate Judge, at papodaca@caed.uscourts.gov

believes that the settlement conference will not be productive, that party shall so inform the court as far in advance of the settlement conference as possible.

**PRESETTLEMENT EXCHANGE OF DEMAND AND OFFER**

A settlement conference is more likely to be productive if, before the conference, the parties exchange written settlement proposals.  Thus, **no later than  November 24, 2025**, if not already done, plaintiff's counsel shall submit a written itemization of damages and a settlement demand to defendants' counsel with a brief explanation of why such a demand is reasonable and appropriate.  **No later than December 15, 2025**, defendants' counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why the offer is reasonable and appropriate.  On occasion, this process will lead directly to settlement.  *If settlement is not achieved, the parties shall attach their respective demand and offer letters with their Settlement Conference Statement described below.*

**ATTENDANCE OF PARTIES REQURIED**

Parties with full and complete settlement authority are required to personally attend the conference.  See Local Rule 270(f).  An insured party shall appear by a representative of the insurer who is authorized to negotiate, and who has authority to settle the matter up to the limits of the opposing parties' existing settlement demand.  An uninsured corporate party shall appear by a representative authorized to negotiate, and who has authority to settle the matter up to the amount of the opposing parties' existing settlement demand.  Except under the most extenuating circumstances, having a client with authority available by telephone is not an acceptable alternative.

**MEDIATION FORMAT**

The Court generally uses a mediation format: a joint session with opening presentation by the Court and each side, followed by private caucusing by the Court with each side.  The Court expects both the lawyers and the party representatives to be fully prepared to participate.  The Court encourages all parties to keep an open mind to re-assessing their previous positions and to consider creative means to resolve their disputes.

////

**SETTLEMENT CONFERENCE STATEMENT**

**On or before December 31, 2025**, each party must submit to Judge Barch-Kuchta's chambers at hbkorders@caed.uscourts.gov a Settlement Conference Statement.  These Statements should not be filed on the docket nor served on any other party.  In compliance with Local Rule 270(d)-(e), the settlement statements will be used exclusively for the Court to prepare for and conduct the settlement conference.  They will not become part of the case file and will be shredded thereafter under Local Rule 270(e).  If applicable, the statements should be marked "CONFIDENTIAL."  *See* Local Rule 270(d).

The Statement should not exceed ten (10) pages, excluding exhibits, and include:

(1)     A brief recitation of the facts and whether any facts are stipulated.

(2)     What issues (in and outside of the lawsuit) need to be resolved? What are the strengths and weaknesses of your case?  What evidence supports your factual position?

(3)     An itemized estimate of the expected costs for further discovery, pretrial, and trial matters, in specific dollar terms.

(4)     Your best estimate of the probability plaintiff will prevail at trial.

(5)     Your best estimate of damages or relief plaintiff may recover at trial if plaintiff prevails (in specific dollar terms and/or injunctive relief, if applicable).

(6)     A history of any settlement discussions (including the recent demand and offer letters) and a candid statement of your party's current position on settlement, including the amount that you will give/accept to settle.

(7)     A list of the individuals who will be attending the settlement, including names and, if appropriate, titles.

(8)     Are there any outstanding lien holders or third parties who should be invited to participate in the settlement conference?

(9)     What are impediments to settlement?  Financial? Emotional? Legal?  Is there an insurance policy triggered by the claim?  If so, what is the deductible or SIR limits?

(10)    Are there possibilities for a creative resolution of the dispute?

(11)    The parties may attach pertinent exhibits, such as expert or medical reports, or

diagrams, etc., if appropriate.

At the outset of the settlement conference, the undersigned anticipates having the parties' counsel give a brief (five-minute) opening presentation outlining the factual and legal highlights of their case before the parties break into separate caucuses. The Court reserves the right to dispense with the opening presentations of counsel if the Court determines that such presentations are not likely to be productive.

STATEMENTS INADMISSIBLE

The Court expects the parties to address each other with courtesy and respect.  Parties must be able to be frank and open in their discussion.  As a result, consistent with Federal Rule of Evidence 408(a), all statements made by the parties relating to the substance or merits of the case, whether written or oral, made during the settlement conference will be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle.

PRE-SETTLEMENT TELEPHONIC CONFERENCE

Judge Barch-Kuchta will hold a short, pre-settlement conference telephone discussion **on January 7, 2026 at 10:00 a.m. for Plaintiff and at 11:00 a.m. for Defendants** (dial-in number: 1-669-254-5252, meeting ID 160 644 7139, passcode 646053).  Only the lead attorney from each side[2] should participate.

Dated:     November 3, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court expects that the attorneys participating in the telephone discussion will also participate in the settlement conference.

4